IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| R.J. CORMAN RAILROAD COMPANY/TEXAS LINE, LLC,<br>　　　　Plaintiff,<br>vs.<br><br>TRANSLOAD AND LOGISTICS, LLC,<br>　　　　Defendant. | NO. 9:23-CV-00216-MJT |

**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On March 4, 2024, Judge Truncale referred Plaintiff R.J. Corman Railroad Company/Texas Line, LLC ("R.J. Corman")'s *Motion for Default Judgment* (Doc. No. 11) to the undersigned United States Magistrate Judge for consideration and disposition. Doc. No. 12. R.J. Corman requests the entry of a default judgment against Defendant Transload and Logistics, LLC ("Transload") in the amount of $316,705.80, which consists of $291,450 in damages, $24,725.30 in attorney's fees, and $530.50 in costs, plus pre- and post-judgment interest. After careful consideration of the filings and applicable law, the undersigned recommends that the Court grant in part and deny in part R.J. Corman's instant motion.

**I.　　Factual and Procedural Background**

This case arises from a breach of contract dispute involving a license agreement. R.J. Corman owns and operates a spur railroad track near Diboll, Texas. Doc. No. 1 at 3, ¶ 6. On May 8, 2015, R.J. Corman entered a Track License Agreement ("the Agreement") with Transload. *Id.*, ¶ 7. Under the Agreement, R.J. Corman agreed to construct a gravel road and transloading area adjacent to its Diboll spur track. *Id.*, ¶ 8. The Agreement granted a license to Transload to use the gravel road and transloading area to load and unload railcars. *Id.*

R.J. Corman alleges that Transload breached two different provisions of the Agreement. First, the usage fee provision[1] provided that Transload would pay R.J. Corman a monthly usage fee of $750 for access and use of the transloading area. *Id.*, ¶¶ 8–9. The usage fee is due in advance each month and commences three months after the first rail car is loaded or unloaded. Doc. No. 11-1 at 6. Transload failed to pay the usage fee for the months of May, June, and December 2023 and March 2024. *Id.* at 3. Thus, Transload owes R.J. Corman $3,000.00 in monthly usage fee payments. *Id.*

Second, the repayment provision[2] provided that Transload would repay R.J. Corman for the investment and construction costs for the gravel road and transloading area. *Id.* at 6. The Agreement provides that Transload would pay "$50.00 per railcar to repay [R.J. Corman] $289,700.00 which is the equivalent of 5,794 railcars. Failure to ship 5,794 railcars within 3 years from the date the first rail car is loaded or unloaded will result in [Transload] reimbursing [R.J. Corman] a lump sum of $50.00 per car for the shortfall." *Id.* According to the facts alleged in R.J. Corman's *Complaint*, Transload has only loaded or unloaded 25 railcars at the transloading area, for which it paid R.J. Corman $1,250. Doc. No. 1 at 4, ¶ 11. Transload loaded its first railcar at the transloading area on April 15, 2015. Doc. No. 14-1 at 1. Thus, under the terms of the Agreement, Transload had until April 15, 2018 to ship 5,769 additional railcars. R.J. Corman contends that because Transload failed to ship 5,769 more railcars by April 15, 2018, it now owes R.J. Corman a lump sum of $288,450.00 for the shortfall.

Finally, R.J. Corman contends that it is entitled to recover its attorney's fees and costs. Doc. No. 11 at 11. R.J. Corman contends that under Texas law, a prevailing party may recover

---

[1] The usage fee provision is included in Section 2.1(a) of the Agreement. Doc. No. 11-1 at 6.

[2] The repayment provision is included in Section 2.1(b) of the Agreement. Doc. No. 11-1 at 6.

reasonable attorney's fees if a claim arises from a written contract. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 38.001(b)(1)–(8)). R.J. Corman requests $24,725.30 in attorney's fees and $530.50 in costs.[3] Doc. No. 11-2 at 4, ¶ 11.

R.J. Corman filed its *Complaint* against Transload on November 27, 2023. Doc. No. 1. Transload was properly served on December 5, 2023. Doc. No. 6. Under FED. R. CIV. P. 12(a)(1)(A)(i), Transload's answer was due within 21 days of service—on or before December 26, 2023. Transload has not answered or otherwise responded to the Complaint. Doc. No. 11 at 3, ¶ 10. R.J. Corman applied for default against Transload, which the Clerk of Court entered on March 1, 2024. Doc. No. 10. R.J. Corman now seeks entry of a default judgment against Transload in the amount of $316,705.80, which consists of $291,450 in damages; $24,725.30 in attorney's fees; $530.50 in costs; and pre- and post-judgment interest. *See* Doc. No. 11-1 at 3, ¶ 6; Doc. No. 11-2 at 4, ¶¶ 11, 13.

## II. Discussion

### A. Default Judgment is Procedurally Warranted

Rule 55 of the Federal Rules of Civil Procedure sets forth the procedure by which litigants may seek entry of a default judgment. *See* FED. R. CIV. P. 55. The Fifth Circuit employs a three-step analysis for determining when entry of a default judgment is appropriate. *S.F. v. Denton Cnty. Pub. Health*, No. 4:23-CV-00864, 2024 WL 1936267, at *1 (E.D. Tex. May 2, 2024) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Second, when the default is established by affidavit or otherwise, the clerk must enter the party's

---

[3] R.J. Corman alleges that these costs consist of $402.00 for the filing fee for this lawsuit and $128.50 for the cost of serving Transload. Doc. No. 11-2 at 4, ¶ 13.

default. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Third, after the default is entered, a plaintiff may apply for a default judgment. FED. R. CIV. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Transload failed to plead or otherwise respond within the time required by Rule 12, which provides that a defendant's answer must be filed within twenty-one (21) days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Because Transload was served on December 5, 2023, its answer was due on December 26, 2023. *Id.* To date, Transload has not filed any responsive pleadings or otherwise appeared in this action. Accordingly, the Clerk of Court properly entered default on March 1, 2024. Doc. No. 17. After the Clerk enters default, the clerk may enter a default judgment only if the claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Here, R.J. Corman's claims are for a sum certain based on the Agreement's plain language, so no hearing is required.

Entry of a default judgment is completely within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 780 (E.D. Tex. 2023) (citing *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied* 414 U.S. 1073 (1973)). The Fifth Circuit has set forth factors for courts to consider when determining whether to enter default judgment:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (citation omitted).

### 1. Factor One: Issues of Material Fact

In the present case, the facts asserted in R.J. Corman's complaint are well-pleaded, and

4

there are no unresolved issues of material fact. By failing to answer the complaint, Transload admits the well-pleaded factual allegations and "[is] barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default").

### 2. Factors Two and Five: Substantial Prejudice or Harshness of Default Judgment

Transload will not suffer substantial prejudice by entry of a default judgment. Transload has not filed an answer or otherwise defended this matter, nor has it indicated that it will appear or otherwise respond. Nothing in the record indicates a default judgment will substantially prejudice Transload. Seven months have elapsed since Transload was served with this lawsuit. Transload's dilatoriness and noncompliance establishes that any substantial prejudice or harshness in entering default is clearly outweighed by the prejudice to R.J. Corman if the court fails to enter judgment in its favor.

### 3. Factor Three: Whether the Grounds for Default are Clearly Established

Transload has failed to plead or otherwise defend this lawsuit after R.J. Corman properly served it on December 5, 2023. Doc. No. 6. The Clerk appropriately entered a default against Transload, and R.J. Corman has filed a motion for default judgment. Doc. Nos. 10, 11. R.J. Corman filed a sworn statement verifying that Transload does not appear to currently serve in the military and that it is not a minor or incompetent person. Doc. No. 11-3; *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing 50 U.S.C. app. § 521(b)(1)); FED. R. CIV. P. 55(b)(2)). Moreover, R.J. Corman has provided an affidavit showing

the amount due for a sum certain, dispensing with the requirement for a hearing to determine damages. Doc. Nos. 11-1, 11-2; FED. R. CIV. P. 55(b)(1), (2). Thus, the requirements of Rule 55 are satisfied, and the court may consider default judgment.

### 4. Factors Four and Six: Good Faith Mistake, Excusable Neglect, and Setting Aside the Default

The record is devoid of facts showing any excusable neglect or good faith mistake on behalf of Transload. In any event, Transload can still show excusable neglect or good faith mistake to set a default judgment aside. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).")

### B. Basis for Default Judgment in the Pleadings

After establishing that default is procedurally warranted, the undersigned must assess the substantive merits of R.J. Corman's claims and determine whether there is a sufficient basis in the pleadings for judgment in its favor. *Nishimatsu*, 515 F.2d at 1206. While it is "firmly established" that a district court assumes the truth of facts asserted by a plaintiff against a defaulting defendant, a plaintiff is "not entitled to a default judgment as a matter of right." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). "[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." *Id.* at 493.

R.J. Corman alleges a breach of contract claim and, alternatively, if an express contract is not found, a claim for quantum meruit and unjust enrichment against Transload. Doc. No. 1 at 5–6. R.J. Corman alleges that Transload breached the Agreement and requests a default judgment against Transload in the amount of $316,705.80, which consists of $291,450 in damages, $24,725.30 in attorney's fees, and $530.50 in costs, plus pre- and post-judgment interest. *See* Doc. No. 11-1 at 3, ¶ 6; Doc. No. 11-2 at 4, ¶¶ 11, 13.

R.J. Corman's request for $291,450.00 in damages is premised on two distinct breaches of the Agreement by Transload. First, Transload breached the usage fee provision by failing to pay the $750.00 monthly usage fee in May, June, and December 2023 and March 2024, and thus owes R.J. Corman $3,000.00. *Id.*, ¶ 12 (citing Section 2.1(a) of the Agreement). Second, Transload breached the repayment provision and owes R.J. Corman a lump sum of $288,450.00 for the shortfall in railcars shipped. Doc. No. 1 at 4, ¶ 11 (citing Section 2.1(b) of the Agreement). The undersigned will consider each breach of the Agreement separately.

### 1. Breach of the Usage Fee Provision

The undersigned finds that R.J. Corman has established a sufficient basis in the pleadings for judgment in its favor regarding breach of the usage fee provision in Section 2.1(a) of the Agreement. To plead a viable breach of contract claim, R.J. Corman must allege that "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Valley Forge, Inc. v. CK Constr., Inc.*, 677 S.W.3d 127, 132 (Tex. App.—El Paso 2023, no pet.); *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499–500 (5th Cir. 2018). R.J. Corman has established each element of this claim based on the allegations in its pleadings with respect to the usage fee provision. *See* Doc. No. 1. Accordingly, R.J. Corman is entitled to a default judgment in the amount of $3,000.00 for Transload's breach of the usage fee provision.

### 2. Breach of the Repayment Provision

However, the undersigned finds that the breach of the repayment provision in Section 2.1(b) of the Agreement is time-barred by the statute of limitations for breach of contract claims.[4]

---

[4] Under Texas law, the statute of limitations for quantum meruit claims is four years, so to the extent R.J. Corman asserts such claims, they are also barred by the statute of limitations. *See Keith v. J.D. Byrider Sys., LLC*,

Under Texas law, the limitations period for a breach of contract claim is four years. TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051; *see also Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 707 (Tex. 2021). A claim accrues when a defendant's wrongful conduct causes the claimant to suffer a legal injury. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021). Once a defendant's wrongful conduct causes a legal injury, "the injured party's claims based on that wrongful conduct accrue—and the limitations period begins to run—even if (1) the claimant does not yet know that a legal injury has occurred, (2) the claimant has not yet experienced, or does not yet know the full extent of, the legal injury, (3) the claimant does not yet know the specific cause of the injury or the party responsible for it, (4) the wrongful conduct later causes additional legal injuries, or (5) the claimant has not yet sustained or cannot yet ascertain any or all of the damages resulting from the legal injuries." *Id.* (collecting cases). "[A] cause of action for breach of contract accrues at the moment the contract is breached." *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018).

The repayment provision provides that Transload would pay "$50.00 per railcar to repay [R.J. Corman] $289,700.00 which is the equivalent of 5,794 railcars. Failure to ship 5,794 railcars within 3 years from the date the first rail car is loaded or unloaded will result in [Transload] reimbursing [R.J. Corman] a lump sum of $50.00 per car for the shortfall." Doc. No. 11-1 at 6. Transload first loaded a railcar at the Diboll, Texas station on April 15, 2015. Doc. No. 14-1 at 1. Thus, beginning on April 15, 2015, Transload was obligated to ship 5,794 total railcars and pay $50.00 per railcar shipped by April 15, 2018. If Transload failed to do so, it would thereafter be obligated to pay R.J. Corman for any shortfall in railcars shipped under $289,700.00. The facts alleged in R.J. Corman's *Complaint* establish that Transload failed to ship 5,794 total railcars and

---

No. 3:14-CV-1317-D, 2016 WL 6139098, at *4 (N.D. Tex. Oct. 20, 2016) (noting that the statute of limitations for quantum meruit claims is four years under Texas law).

pay $50.00 per railcar to R.J. Corman. Therefore, Transload owed R.J. Corman a lump sum of $288,450.00 for the shortfall. The undersigned finds that R.J. Corman's claim for breach of the repayment provision accrued on April 16, 2018—the day it became clear that Transload had breached the repayment provision.

Because the claim accrued on April 16, 2018, under the Texas statute of limitations for breach of contract claims, R.J. Corman had until April 16, 2022 to file its claim. R.J. Corman waited until November 27, 2023 to file this lawsuit, which is one year and seven months after that date. The undersigned finds that R.J. Corman's claim for breach of the repayment provision is time-barred by the statute of limitations. Courts may consider relevant statutes of limitation when ruling on motions for default judgment. *See, e.g.*, *Hamad v. Ctr. for Study of Popular Culture*, No. A-06-CA-285-SS, 2007 WL 9701889, at *2 (W.D. Tex. Jan. 17, 2007), *aff'd sub nom. Hamad v. Ctr. for Jewish Cmty. Stud.*, 265 F. App'x 414 (5th Cir. 2008) (denying motion for default judgment because plaintiff's claims were barred by applicable statutes of limitation); *see also Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (affirming denial of default judgment where claim was time-barred by the statute of limitations).

Further, it is well-established that even when a defendant is in default, a plaintiff is not entitled to a default judgment as a matter of right, as a court "may still deny default judgment if the plaintiff has failed to state a claim upon which relief can be granted." *See Escalante*, 34 F.4th at 492–93. Entry of a default judgment is within the court's discretion. *Lindsey*, 161 F.3d at 893. The undersigned finds that R.J. Corman has failed to state a claim upon which relief can be granted regarding its claim for breach of the repayment provision. Accordingly, the instant motion for default judgment should be denied as to R.J. Corman's claim for breach of the repayment provision in Section 2.1(b) of the Agreement.

### 3. Attorney's Fees

R.J. Corman requests $24,725.30 in attorney's fees based on the work of attorney Kenneth W. Bullock, II (4.4 hours at $550 per hour), attorney Saira S. Siddiqui, (15.7 hours at $425 per hour), and paralegal Bridgette Hopkins (0.2 hours at $290 per hour). State law governs the award of attorney's fees in diversity cases. *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021). The Texas Civil Practice and Remedies Code provides that a "person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). "[A]n award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim." *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017). A court "has the discretion to determine the appropriate amount of attorney's fees following a successful claim under section 38.001." *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 421 (5th Cir. 2006) (citing *Coffel v. Stryker Corp.*, 284 F.3d 625, 640–41 (5th Cir. 2002)).

The undersigned finds that R.J. Corman is entitled to attorney's fees for its breach of contract claim related to Transload's breach of the usage fee provision, but not for Transload's breach of the repayment provision. The affidavit submitted by Transload in support of its request for attorney's fees does not segregate the fees requested between these two distinct breaches of the Agreement. "Where fees are authorized, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Transverse*, 992 F.3d at 344 (internal quotations omitted). "The party seeking fees bears the burden of properly segregating them." *Id.* An exception to the fee segregation requirement exists where "the fees are based on claims arising out of the same transaction that are so intertwined and

10

inseparable as to make segregation impossible." *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017).

Accordingly, R.J. Corman is ordered to provide the court with supplemental briefing addressing the segregation of attorney's fees between the two breaches of the Agreement: the breach of the monthly usage provision in Section 2.1(a) and breach of the repayment provision in Section 2.1(b). If R.J. Corman believes segregation is not possible, the supplemental briefing should address the exception to the fee-segregation requirement.

### 4. Costs

R.J. Corman requests $530.50 in costs. Doc. No. 11-2 at 4, ¶ 13. This includes $402.00 for filing fees and $128.50 in fees expended toward serving Transload with the lawsuit. *Id.* Rule 54 of the Federal Rules of Civil Procedure permits the collection of costs other than attorney's fees by the prevailing party. *See* FED R. CIV. P. 54(d)(1) (providing that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party"). The undersigned finds that the cost of the $402.00 filing fee is recoverable. *See* 28 U.S.C. § 1920.

However, the undersigned finds that the cost of $128.50 for a private process server is not recoverable. A prevailing party cannot recover costs for private process servers absent exceptional circumstances. *Zastrow v. Houston Auto M. Imp. Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam). Although the Fifth Circuit has not explicitly defined "exceptional circumstances," in any case, R.J. Corman presents no evidence of any such exceptional circumstances. *See Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (affirming denial of private process server fees because prevailing party failed to show exceptional

11

circumstances). Accordingly, R.J. Corman is entitled to only $402.00 in costs, which is the cost of the filing fee.

### 5. Pre-Judgment and Post-Judgment Interest

R.J. Corman also seeks pre- and post-judgment interest. Doc. No. 11 at 13. Under 28 U.S.C. § 1961(a), in diversity cases, pre-judgment interest rates are governed by state law, while post-judgment interest is calculated at the federal rate. *See Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). In Texas, pre-judgment interest for a breach of contract claim is governed by Texas common law. *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002). Texas common law allows pre-judgment interest to accrue at the same rate as post-judgment interest on damages awarded for breach of contract. *Id.* (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998)).

Federal law provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). An award of post-judgment interest is mandatory under 28 U.S.C. § 1961 and is awarded as a matter of course. *See Meaux Surface Prot., Inc. v. Fogelman*, 607 F.3d 161, 173 (5th Cir. 2010); *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751 (5th Cir. 1983). The post-judgment interest accrues at the rate determined under 28 U.S.C. § 1961(a). *See DP Sol., Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003). Such interest shall be calculated from the date of the entry of judgment, at the rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. 28 U.S.C. § 1961(a). Interest shall be computed daily to the date of payment and compounded annually. *See* 28 U.S.C. § 1961(b). Accordingly, the undersigned further finds that pre-judgment and post-

judgment interest at the rate specified by 28 U.S.C. § 1961 should be applied to the award of damages upon entry of default judgment in favor of R.J. Corman.

### III. Conclusion

The undersigned recommends that Plaintiff R.J. Corman's *Motion for Default Judgment* (Doc. No. 11) should be **GRANTED** with respect to its breach of contract claim for Defendant Transload's breach of Section 2.1(a) of the Track License Agreement. The motion should be **DENIED** with respect to its breach of contract claim for Defendant Transload's breach of Section 2.1(b) of the Track License Agreement because this claim is barred by the statute of limitations.

It is further **ORDERED** that Plaintiff R.J. Corman must **SUPPLEMENT** the record with additional briefing addressing the segregation of attorney's fees for its breach of contract claims as described in this report.

Accordingly, the undersigned recommends that a Final Judgment be entered as follows:

(1) Damages in the amount of **$3,000.00**;

(2) Court costs in the amount of **$402.00**;

(3) Attorney's fees related to Defendant Transload's breach of Section 2.1(a) of the Track License Agreement, to be determined in accordance with the supplemental briefing ordered by the court;

(4) Pre-judgment and post-judgment interest as described in this report.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); E.D. Tex.

CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge